IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, L.L.C. | § | |
| Vs. | § | CIVIL ACTION NO. 2:08-CV-70 |
| MOTOROLA, INC., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

The court denies Motorola's motion to transfer venue (#36) for the reasons expressed in this order.

**1.     Factual Background and Procedural Posture**

In this case, the plaintiff, Personalized Media Communications, L.L.C. ("PMC"), contends that the defendants infringe various claims of five U.S. Patents. The plaintiff and its predecessor in interest have asserted the patents in several other venues against different defendants. One of those cases (the "Delaware action") was filed in the United States District Court for the District of Delaware. The Delaware action accuses DIRECTV, Hughes Electronics, Thomson, and Philips of infringing the same patents-at-issue here through the use and sale of equipment that digitally transmits and receives data related to television programming. The Delaware action involves patent claims and technology platforms different from those in this case. It does not appear that the Delaware court has issued orders concerning the substantive merits of the patent claims.

During the Delaware action, Thomson initiated an ex parte reexamination proceeding for all of the patents asserted against it. The USPTO began the reexamination proceedings in 2003 and 2004. The District of Delaware court stayed the Delaware action pending conclusion of the

reexamination proceedings. Those proceedings are still ongoing; however, the defendants in this case contend that they are nearing completion.[1] The plaintiff concedes that reexamination could finish within a year, but it argues that reexamination may not conclude for an additional four years. The asserted claims in this case, however, have been confirmed as patentable in the reexamination proceedings.

In February 2008, the plaintiff filed this case against EchoStar/Dish Network and Motorola. Motorola has filed a motion to transfer venue to the District of Delaware. EchoStar/Dish Network has joined the motion. The primary basis for the motion to transfer is the familiarity of the Delaware court with the patents-in-suit.

**2.      Discussion**

   **A.      Governing Law**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has broad discretion in deciding whether to transfer venue pursuant to this statute. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008)(en banc). The defendant has the burden to show "good cause" that transfer is appropriate. *Id.* at 315 ("[I]n order to support its claim for a transfer, [defendant] must satisfy the statutory requirement and clearly demonstrate that a transfer is for the convenience of the parties and witnesses, in the interest of justice."). The party moving for a transfer of venue must show that the proposed transferee venue is "clearly more convenient." *Id.*

---

[1] A different suit filed in 2002 was also eventually stayed pending the reexamination.

The first issue the court must consider is whether the proposed transferee venue is a court in which the action might have been brought. *Id*. at 312. If it is, then the court must consider and balance the convenience of the parties in both venues. *Id*. at 314-15. The balancing involves the consideration of several private and public interest factors, none of which is dispositive. *Id*. A plaintiff's choice of venue is "highly esteemed." *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). In a § 1404(a) analysis, however, the plaintiff's choice of venue is not a separate factor to consider. *In re Volkswagen of Am.*, 545 F.3d at 314-15. And, although the private and public interest factors usually guide the court's decision on transfer motions, those factors are not necessarily "exhaustive or exclusive." *Id*. at 315.

In this case, the proposed transferee court is a venue in which the case might have been brought. Therefore, the court will evaluate the transfer motion by considering the private and public interest factors.

### B.     Private Interest Factors

The private interest factors to be weighed by the court include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)("*Volkswagen I*")(citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

*1-3.     Relative Ease of Access, Compulsory Process, Cost of Attendance*

Motorola concedes that the first three private interest factors are all neutral. *See* Mot. to Transfer, at 13-14. Consequently the court will proceed directly to the fourth factor.

####    4.    *Other Practical Problems*

Practical problems include issues of judicial economy. *In re Volkswagen of Am.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Motorola argues that judicial economy concerns and the Fifth Circuit's "first to file rule" mandate transfer of this case to Delaware. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citations omitted). "The rule does not . . . require that cases be identical. The crucial inquiry is one of 'substantial overlap[.]'" *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). In patent cases, overlap may be substantial where "one court has extensive familiarity with the technology or the legal issues involved, a claim construction opinion has been prepared, and the cases involve the same or similar defendants with the same or similar products." *J2 Global Commc'ns, Inc. v. Protus IP Solutions, Inc.*, No. 6:08-cv-211, 2008 WL 5378010, at *5 (E.D. Tex. Dec. 23, 2008).

Substantial overlap does not exist here. While the Delaware action and this case both involve the same patents, in this case, the plaintiff asserts different claims against different defendants and accuses different technology platforms. Transferring this case to Delaware will produce only minimal gains in judicial economy, if any at all. The Delaware court has not evaluated the merits of PMC's complaint and has not adopted any claim construction. The court carefully reviewed the briefing and is not persuaded that the Delaware court's familiarity with the case is such that this factor weighs in favor of a transfer. As such, the factor is neutral.

## C. Public Interest Factors

The public interest factors include (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized controversies decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen*, 545 F.3d at 315.

### 1. Administrative Difficulties Flowing from Court Congestion

The court may consider how quickly a case will come to trial and be resolved. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.*

PMC argues that transfer to the District of Delaware will delay its trial date. The Delaware action is currently stayed pending reexamination, and if transfer is granted, PMC believes that this case would be stayed as well. As mentioned earlier, the parties disagree over how much longer the reexaminations are likely to persist. Thus, PMC cannot be certain that transfer to the District of Delaware will result in a lengthy stay and delay in resolution. But the court finds that the possibility of delay is significant enough to weigh slightly against transfer.

### 2. The Local Interest in Having Localized Controversies Decided at Home

The accused products are sold nationwide. The fact that they are sold into Texas or into this district does not give this court a local interest in deciding this case any more than any other district court. *In re Volkswagen*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321. This factor is therefore neutral.

### 3. *The Court's Familiarity with the Governing Law*

This factor is neutral, as both courts are familiar with federal patent law.

### 4. *The Avoidance of Unnecessary Problems of Conflict of Laws*

This factor is neutral, as no party has identified any problems involving conflict of laws.

## 3. Conclusion

The court has balanced the private and public interest factors and is not persuaded that a transfer is warranted in this case. As such, the court denies the motion to transfer.

SIGNED this 30th day of September, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE