### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA<br>COMMUNICATIONS, L.L.C.,<br><br>                Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., ECHOSTAR<br>CORP., AND DISH NETWORK CORP.<br>f/k/a ECHOSTAR COMMUNICATIONS<br>CORP.,<br><br>                Defendants. | Case No. 2:08-CV-00070 [TJW]<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER
(DOCKET NO. 64) DENYING DEFENDANTS' MOTION TO TRANSFER TO THE
DISTRICT OF DELAWARE**

51376/3191296.2

Defendants Motorola, Inc. ("Motorola"), Echostar Corporation ("Echostar"), and DISH Network Corporation ("DISH") (collectively "Defendants") respectfully move for reconsideration of the Court's September 30, 2009 Memorandum Opinion and Order (Docket No. 64) ("Order") denying Motorola's Motion To Transfer To The District of Delaware (Docket No. 36) ("Transfer Motion").

On October 8, 2008, Motorola moved to transfer this action to Delaware, where a first-filed lawsuit involving the same six patents-in-suit was and remains pending.[1]  On September 30, 2009, this Court denied the motion citing a lack of substantial overlap between the issues in this case and the first-filed Delaware lawsuit.  The Court stated that the instant matter involves "different claims asserted against different defendants and accuses different technology platforms."  It appears the Court based its decision at least in part on the apparent lack of overlap in the asserted claims as well as differences in the accused products. For the following reasons, however, the Court should reconsider its Order and transfer this case to the District of Delaware.

First, since the briefing on Motorola's Transfer Motion was completed on October 31, 2008, facts important to the Court's Order have changed.  Specifically, on July 28, 2009, PMC served its Patent Rule 3-1 infringement contention disclosures.  In those disclosures, PMC identified twenty-two claims (reduced from ninety-six claims) that it asserts cover the Defendants' accused products, including *five new claims* not previously identified that are also asserted in PMC's lawsuit in Delaware.  PMC also made clear in its contentions that it is accusing here – just as in Delaware – Defendants' satellite technology.  Because the Court did not have the benefit of PMC's disclosures when it denied Motorola's motion, these facts warrant reconsideration by the Court of Motorola's Transfer Motion.

---

[1]  On October 20, 2008, Defendants Echostar and DISH joined Motorola's Motion To Transfer To The District Of Delaware. (Docket No. 39).

Second, the U.S. Court of Appeals for the Federal Circuit, applying Fifth Circuit law, issued an opinion in May 2009 that is highly relevant to the facts underlying this Court's decision. In *In re Volkswagen of America, Inc.*, 566 F.3d 1349 (Fed. Cir. 2009), the Federal Circuit refused to order that a case be transferred from the Eastern District of Texas, finding that "the existence of multiple lawsuits involving the same issues is a paramount consideration" in ruling on a transfer motion pursuant to Section 1404(a). It found that the interests of judicial economy weighed heavily against transfer precisely because a similar case was pending in this District. While the *Volkswagen* court effectively affirmed an order denying transfer, its rationale applies with equal force here. This case and the Delaware action involve the same patents, the same plaintiff, the same or substantially similar technology, the same license defense, and many of the same claims, claim construction issues, and invalidity issues. Because there is a substantial overlap of the issues, this case should be transferred to Delaware.

A.      **The Court Should Reconsider Its Order In Light Of PMC's Addition Of Overlapping Claims With The Delaware Action**

Reconsideration of an interlocutory order is appropriate under the same circumstances as those described under Federal Rule of Civil Procedure 59(e)[2]: where (1) there is an intervening change in controlling law; (2) new evidence becomes available that was not previously available; or (3) reconsideration will correct a clear error of law or prevent manifest injustice.[3] All three situations apply here.

The Court's September 30 Order denied transfer based on its finding that the private interest factors, including the "other practical problems" factor, were neutral and that the administrative difficulties flowing from court congestion weighed slightly against transfer. (Order at 4-5.) The Court rejected Defendants' argument that the "first to file" rule favored transfer. In particular, the Court found that there was no substantial overlap between this case and the first-filed Delaware action because "plaintiff asserts different claims against different defendants and accuses different technology platforms." (Order at 4.) PMC's assertions have changed since briefing concluded on Motorola's Transfer Motion, undermining the basis for the Court's Order and warranting reconsideration.[4]

---

[2]  *See J2 Global Communs. Inc. v. Protus IP Solutions, Inc.*, 6:08-CV-263, 2009 U.S. Dist. LEXIS 13210, at *3 (E.D. Tex. Feb. 19, 2009) (citing *Hamilton v. Williams*, 147 F.3d 367, 379 n. 10 (5th Cir.1998)); *McNamara v. Bre-X Minerals Ltd.*, 68 F. Supp. 2d 759, 760-61 (E.D. Tex. 1999).

[3]  *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

[4]  Defendants believe that sufficient grounds for transfer existed based on the assertion of the same patents in both cases, the existence of substantially similar if not the same defenses and prior art against the patents-in-suit, and the similarity of the claim assertions against the respective defendants.

In its Complaint, PMC asserted ninety-six claims across six patents-in-suit. (Docket No. 1.) On July 28, 2009, PMC served its P.R. 3-1 Disclosure Of Asserted Claims and Infringement Contentions And P.R. 3-2 Disclosures ("the 3-1 Disclosure").[5] In this disclosure, PMC specifically identified for the first time twenty-two claims as infringed by Defendants, including 5 claims that are also being asserted in the Delaware action:

| Asserted Patent | Claims Asserted Here (overlap in bold) | Claims Asserted In The Delaware Action (overlap in bold)[6] |
|---|---|---|
| U.S. Patent No. 4,965,825[7] | 3, *15*, 16, *17* | *15, 17* |
| U.S. Patent No. 5,109,414 | *7*, 10, 13, 23 | 1, 2, 5, *7* |
| U.S. Patent No. 5,233,654 | 7, 8, 9, *10*, 59 | *10*, 66, 70 |
| U.S. Patent No. 5,335,277 | 3, 24, 25, 26, 37, 43 | 7, 12, 13, 17, 18 |
| U.S. Patent No. 5,887,243 | 13, *14*, 15 | *14*, 21, 30, 41 |

---

[5]  *See* Ex. A

[6]  *See* Ex. B, Mar. 27, 2003 Report & Recommendation of Special Master Regarding Claim Construction, at 18-19 (redacted version), in *Pegasus Development Corp., et al  v. Direct TV, Inc., et al*, Case No. 1:00-cv-01020-GMS (D. Del.).

[7]  Although '825 patent claim 15 is not listed in the Special Master's Report, PMC moved to assert it and was denied without prejudice. The Delaware court allowed PMC to re-file once the stay in Delaware is lifted. *See* Ex. C, May 14, 2003 Mem. & Order, at 6-7, in *Pegasus Development Corp., et al  v. Direct TV, Inc., et al.*, Case No. 1:00-cv-01020-GMS (D. Del.).

Thus, PMC is now asserting five claims, a substantial portion of the twenty-two at issue, that directly overlap with claims asserted by PMC in the Delaware action. This overlap in claims is significant, as it ensures that common issues of claim construction will arise in both cases. Indeed, the Delaware court has already undertaken the exercise of claim construction of terms within the common claims.[8]

Because the difference in asserted claims was a basis for rejecting Defendants' argument that practical considerations of judicial economy weighed in favor of transfer, reconsideration in light of this change in the claims asserted by PMC in this case is proper.

**B.    There Is Substantial Similarity Between The Accused Technologies In The Delaware Action And This Action**

In denying Motorola's Motion to Transfer, in addition to the difference in asserted claims, the Court also noted that PMC had accused "different technology platforms" in the Delaware action and in this action. (Order at 4.) While Motorola's accused products do indeed include cable systems, PMC has also accused direct broadcast satellite systems in this action; the very same systems that it accuses in the Delaware action. (*See* Ex. A, at 5-6.)

---

[8]   In the Delaware action, claim construction was in progress when the case was stayed. The Delaware court asked a special master to issue a report and recommendation on claim construction, and was considering it, as well as the objections of the parties, when the case was stayed. The report and recommendation construed terms in the following common claims: claims 15 and 17 of the '825 patent; claim 10 of the '654 patent; and claim 14 of the '243 patent. Other asserted claims share terms that were construed within the context of these claims.

For example, PMC accuses Echostar's and DISH's Direct Broadcast *Satellite* system and services. (*Id.* at 6.) In point of fact, as pointed out in Motorola's transfer briefing, PMC used *identical* language in its respective complaints against DirecTV in Delaware and against Echostar and DISH in this action, alleging infringement by the defendants' respective direct broadcast satellite systems.[9] Moreover, PMC also accuses certain Motorola *satellite* transmission equipment of infringement: "[t]he accused Motorola broadband transmission products, content origination products, and head end and network products . . . include but are not limited to the DSR-4410 Commercial Satellite Receiver, DSR-4410MD Commercial Satellite Multiplex Decrypter, . . . [and] the ISR-4410 Commercial Satellite Receiver." (Ex. A, at 5.)

The same satellite technology is at issue in both cases. PMC's earlier attempts to identify differences between the accused satellite technologies should not be credited because those differences are insignificant. PMC did not even attempt to demonstrate that any differences were material to infringement or claims construction. Moreover, PMC's infringement contentions clarify that the technology at issue in this case substantially overlaps with that at issue in Delaware. In light of this disclosure, reconsideration is appropriate.

---

[9] *See* Transfer Motion (Docket No. 36) at 9-10; Reply In Support of Motorola's Motion to Transfer to the District of Delaware (Docket No. 43) ("Reply"), at 2 n. 5.

C.    **After Briefing Closed On Motorola's Transfer Motion, The Federal Circuit Stressed The Importance Of Avoiding Concurrent Lawsuits Involving Significant Overlap In Issues**

In May 2009, the Federal Circuit addressed the importance of avoiding concurrent lawsuits involving the same issues in different districts in an opinion addressing a mandamus petition taken from a district court decision denying transfer.

In *In re Volkswagen of America, Inc.*, 566 F.3d 1349 (Fed. Cir. 2009), the Federal Circuit declined to overturn Judge Ward's Order denying transfer of a patent case from this District where two other cases involving the same patents were pending.  The plaintiff in *Volkswagen* (MHL) was headquartered in Michigan, but had initiated two separate lawsuits in the Eastern District of Texas accusing thirty different companies of infringing its patents.  In a third lawsuit, Volkswagen sought a declaratory judgment that the patents asserted against it by MHL were invalid.  *Id.* at 1350.[10]  Pursuant to Section 1404(a), Volkswagen sought transfer of the first-filed MHL lawsuit to the Eastern District of Michigan.  *Id*. at 1351.  The district court denied Volkswagen's request, noting the judicial economy that would likely result from having one court decide all of the related patent issues.

Volkswagen filed a petition seeking a writ of mandamus, which the Federal Circuit denied.  In doing so, it noted that "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *Id.* at 1351 (emphasis added).  The Federal Circuit then stated that "[a]lthough these cases may not involve precisely the same issues, ***there will be significant overlap*** and a familiarity with the patents could preserve time and resources." *Id.*

---

[10]    Volkswagen's declaratory judgment lawsuit had been filed in the Eastern District of Michigan before being transferred to the Eastern District of Texas.

As in *Volkswagen*, here the same patents are being asserted against different defendants. While the lawsuits in *Volkswagen* were already pending in the same district, the judicial economy analysis does not and should not change.  Given the existence of a first-filed lawsuit with significant overlap in Delaware, and that such overlap and its impact on judicial economy is a "paramount consideration" weighing in favor of transfer, the Court should reconsider its Order denying transfer of the instant matter to Delaware.

### D.    Reconsidering The Court's Order, Transfer To Delaware Is Warranted

Reconsidering the new facts and the facts as laid out by the parties in the briefs, this Court should transfer this action to Delaware.  Of the private interest factors, all are neutral *except for* the judicial economy factor.  In light of its infringement contentions, PMC can no longer tenably deny that there is substantial overlap between this case and the Delaware action. Accordingly, transfer would be highly beneficial to judicial economy because:

- PMC asserts the same patents in both actions;[11]

- There will be the same or highly similar claim construction issues, given the overlap in the asserted patents and asserted claims;

- Both cases will involve a common license defense;

- Both cases will involve substantial prior art based defenses, and will involve the same or highly similar prior art;

- Both cases will involve common defenses of inequitable conduct, prosecution laches and estoppel; and

---

[11]    The parties recently stipulated to dismissal of the '490 patent-in-suit, which was asserted in Delaware as well.  The five remaining patents-in-suit are also asserted in the Delaware lawsuit.

- PMC is accusing the same technology platforms in both cases – direct broadcast satellite systems made by Echostar and DISH and by DirecTV respectively, as well as certain Motorola satellite transmission equipment.

These factors strongly suggest that transfer to Delaware, a court more familiar with the issues, will preserve time and resources.  Even if the minor differences between the products raised by PMC exist, they do not and cannot overcome the substantial overlap of other issues. When all private and public factors are considered, the "paramount consideration" of avoiding multiple lawsuits involving the same patents and similar issues in different districts should significantly outweigh the slight administrative difficulties flowing from court congestion found by the Court in its Order.[12]  Transferring this case to Delaware would significantly save judicial resources.  Given nearly identical but not precisely identical patent claims and technologies, courts including this one have granted transfer.[13]  Transfer to Delaware is warranted here.

---

[12]    *See e.g. Interactive Music Tech., LLC v. Roland Corp.*, No. 6:07-CV-282, 2008 WL 245142 at *11 (E.D. Tex. Jan. 29, 2008) ("Where the judicial economy factor weighs heaviest, however, is in avoiding confusion over litigating the same patent simultaneously in separate venues."); *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005) ("Consideration of the interest of justice, which includes judicial economy 'may be determinative to a particular transfer motion, even if the convenience of the parties and the witnesses may call for a different result.'") (citation omitted).

[13]    *See, e.g., O2 Micro International Limited v. Monolithic Power Systems, Inc, et al.*, No. 2:04cv359, 2006 WL 887391 (Mar. 28, 2006 E.D. Tex.) (granting transfer where the patent at issue was a continuation of the patent at issue in the case in the transferee district); *AmberWave Sys. Corp. v. Intel Corp.*, No. 2:05-CV-321, 2005 WL 2861476 (E.D. Tex. Nov. 1, 2005) (granting transfer where the patent at issue involved method of constructing integrated circuits and the patent at issue in the transferee district involved transistor fabrication, because although the patents "do not raise identical issues in the two actions . . . the subject matter is closely related," and holding that "[s]ubstantial overlap does not require that the core issues be identical, but that the two actions will involve closely related questions or subject matter").

## CONCLUSION

For the foregoing reasons, Defendants hereby ask the Court to reconsider its Order and to grant Motorola's original Transfer Motion and transfer this action to the District of Delaware in the interest of justice and for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).

November 9, 2009

Respectfully submitted,

By: _/s/ Charles Verhoeven, with permission by Michael E. Jones_

Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Christopher Stretch (Cal. Bar No. 166752)
chrisstretch@quinnemanuel.com
**QUINN EMANUEL URQUHART**
**OLIVER & HEDGES, LLP**
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700

**LOCAL COUNSEL**
Michael E. Jones  (Texas Bar No. 10929400)
mikejones@potterminton.com
Allen F. Gardner  (Texas Bar No. 24043679)
allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
Tel: 903/597-8311
Fax: 903/593-0846

**ATTORNEYS FOR DEFENDANT**
**MOTOROLA, INC.**

By:      */s/ Rachel Krevans, with permission by*
*Michael E. Jones*
        Rachel Krevans
        RKrevans@mofo.com
        Jason A. Crotty (*pro hac vice*)
        JCrotty@mofo.com
        Matthew A. Chivvis (*pro hac vice*)
        MChivvis@mofo.com
        **MORRISON & FOERSTER LLP**
        425 Market Street, 32nd Floor
        San Francisco, CA 94105-2482
        Telephone: (415) 268-7000
        Facsimile: (415) 268-7522

        **LOCAL COUNSEL**
        Otis Carroll
        Attorney-in-Charge
        State Bar No. 3895700
        Deborah J. Race
        State Bar No. 16448700
        **IRELAND, CARROLL & KELLEY, PC**
        6101 S. Broadway, Suite 500
        Tyler, TX 75703
        Telephone:  (903) 561-1600
        Facsimile:  (903) 561-1071
        E-mail: Fedserv@icklaw.com

        **ATTORNEYS FOR DEFENDANTS**
        **ECHOSTAR CORP. AND DISH**
        **NETWORK CORP.**

51376/3191296.2          9

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service on November 9, 2009. Local Rule CV-5(a)(3)(A).

By:    */s/ Michael E. Jones*
           Michael E. Jones

**CERTIFICATE OF CONFERENCE**

I certify that on November 9, 2009, I conducted a teleconference with opposing counsel Arun Subramanian, as required by Local Rule CV-7, in a good faith attempt to resolve these matters without court intervention.  I explained the basis for the motion, but the matter could not be resolved.  Plaintiff indicated that it would oppose this motion.

By:    */s/ Christopher Stretch, with permission by Michael E. Jones*