**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **PERSONALIZED MEDIA COMMUNICATIONS, L.L.C.,** | |
| Plaintiff, | |
| v. | Civil Action No. 2-08CV-070 |
| **MOTOROLA, INC., ECHOSTAR CORP., AND DISH NETWORK CORP. f/k/a ECHOSTAR COMMUNICATIONS CORP.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

### AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to the Court's Docket Control Order entered February 3, 2009 (Docket No. 49), for its Amended Complaint, Plaintiff PERSONALIZED MEDIA COMMUNICATIONS, L.L.C. (PMC) alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for patent infringement under 35 U.S.C. § 271, to enjoin and obtain damages resulting from Defendants' unauthorized infringing conduct with respect to products, services and/or systems that fall within the scope of Plaintiff PMC's patented broadcast control system, and its patented signal processing apparatuses and methods. PMC seeks injunctive relief to prevent Defendants from continuing to infringe PMC's valuable family of patents. In addition, PMC seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents. Defendants are using PMC's patented technology with actual knowledge of PMC's patent rights, and are acting in willful and reckless disregard thereof.

Therefore, the damages awarded to PMC should be trebled, and PMC should be awarded its attorneys' fees, costs, and expenses for this exceptional case.

## THE PARTIES

2.   Plaintiff PMC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 708 3rd Avenue, 35th Floor, New York, NY 10017.

3.   PMC is the lawful assignee of the patents in suit, which are U.S. Patent Nos. 4,965,825; 5,109,414; 5,233,654; 5,335,277; and 5,887,243, all of which are entitled "Signal Processing Apparatus and Methods," and all of which were lawfully issued to John C. Harvey and James W. Cuddihy as named inventors (hereinafter collectively "the Harvey Patents").

4.   Upon information and belief, Defendant Motorola, Inc. (Motorola) is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1303 East Algonquin Road, Schaumberg, IL 60196.

5.   Upon information and belief, Defendant Echostar Corp. (Echostar) is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business at 90 Inverness Circle East, Englewood, CO 80112.

6.   Upon information and belief, Defendant Dish Network Corp. f/k/a Echostar Communications Corp. (DISH) is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business at 9601 S. Meridian Blvd., Englewood, CO 80112.

## JURISDICTION AND VENUE

7. This action arises under the United States Patent Laws, codified at 35 U.S.C. § 1, et seq.

8. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Motorola, Echostar and DISH (collectively, Defendants) because, upon information and belief, Defendants have transacted business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling PMC to relief.

10. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b), because Defendants have committed acts of direct and indirect infringement in the Eastern District of Texas and have transacted business in, and have established minimum contacts with, the Eastern District of Texas.

## INFRINGEMENT OF THE HARVEY PATENTS

11. On October 23, 1990, United States Patent No. 4,965,825 (the '825 Patent), entitled "Signal Processing Apparatus and Methods," was duly and lawfully issued by the United States Patent and Trademark Office in the name of inventors John C. Harvey and James W. Cuddihy, claiming the priority date under 35 U.S.C. § 120 of the 1981 Harvey Application. A true and correct copy of the '825 Patent is attached as Exhibit A. PMC is the assignee of the '825 Patent and holds the right to sue and recover for infringement thereof.

12. On April 28, 1982, United States Patent No. 5,109,414 (the '414 Patent), entitled "Signal Processing Apparatus and Methods," was duly and lawfully issued by the United States

Patent and Trademark Office in the name of inventors John C. Harvey and James W. Cuddihy, claiming the priority date under 35 U.S.C. § 120 of the 1981 Harvey Application.  A true and correct copy of the '414 Patent is attached as Exhibit B.  PMC is the assignee of the '414 Patent and holds the right to sue and recover for infringement thereof.

13. On August 3, 1993, United States Patent No. 5,233,654 (the '654 Patent), entitled "Signal Processing Apparatus and Methods," was duly and lawfully issued by the United States Patent and Trademark Office in the name of inventors John C. Harvey and James W. Cuddihy, claiming the priority date under 35 U.S.C. § 120 of the 1981 Harvey Application.  A true and correct copy of the '654 Patent is attached as Exhibit C.  PMC is the assignee of the '654 Patent and holds the right to sue and recover for infringement thereof.

14. On August 2, 1994, United States Patent No. 5,335,277 (the '277 Patent), entitled "Signal Processing Apparatus and Methods," was duly and lawfully issued by the United States Patent and Trademark Office in the name of inventors John C. Harvey and James W. Cuddihy, claiming the priority date under 35 U.S.C. § 120 of the 1981 Harvey Application.  A true and correct copy of the '277 Patent is attached as Exhibit D.  PMC is the assignee of the '277 Patent and holds the right to sue and recover for infringement thereof.

15. On March 23, 1999, United States Patent No. 5,887,243 (the '243 Patent), entitled "Signal Processing Apparatus and Methods," was duly and lawfully issued by the United States Patent and Trademark Office in the name of inventors John C. Harvey and James W. Cuddihy, claiming the priority date under 35 U.S.C. § 120 of the 1981 Harvey Application.  A true and correct copy of the '243 Patent is attached as Exhibit E.  PMC is the assignee of the '243 Patent and holds the right to sue and recover for infringement thereof.

16. Defendant Motorola markets, makes, uses and/or sells broadband transmission products, content origination products, and head-end products (collectively, "transmission equipment") that directly infringe, contributorily infringe, induce others to infringe, or are used to practice processes that infringe the Harvey Patents. The infringing Motorola transmission equipment includes, without limitation, head-end and network products, such as Motorola's SmartStream interactive digital cable system. This equipment includes but is not limited to, the SmartStream Encryptor Modulator (SEMV8), SmartStream Encryptor Modulator (SEMV12), SmartStream Device Manager (SDM), SmartStream Transcoder Multiplexer (TMX-2010), Digital Addressable Controller (DAC6000), Remoter Addressable DANIS/DLS (RADD), Network Controller (NC1500), Digital Out-of-Band Modulator (OM1000), Out-of-Band Multiplexer/Modulator (OM2000), Return Path Demodulator (RPD2000), All-Purpose Edge QAM (APEX1000), Digital Encoder (SE-1010), Digital Encoder (SE-1000), Digital Encoder (SE-2000), Network Encyrptor (NE1000), Video Server (B-1 Server), CherryPicker (DM 6400), CherryPicker Application Platform (CAP 1000), Modular Processing System products, Switched Digital Video products, and Satellite and Broadcast products. The infringing transmission equipment includes, but is not limited to, receivers, recorders, encoders, multiplexers, encryptors, modulators/demodulators, controllers, device managers and transmitters. The infringing transmission equipment is used by content originators for transmitting programming content via satellite to cable head-end stations, and is used by cable head-end stations for transmitting programming content via cable to end users.

17. Defendant Motorola markets, makes, and/or sells digital set-tops ("advanced set-tops") that directly infringe, contributorily infringe, induce others to infringe, or are used to practice processes that infringe the Harvey Patents. The infringing Motorola advanced set-tops

include the "digital interactive set-tops" or "digital home communication terminals."  The infringing advanced set-tops include, but are not limited to, the following digital set-top models: DCT700, DCT2500, DCT3080, DCT3400, DCT6200, DCT6400, DCH70, DCH100, DCH200, DCH3200, DCH3416, DCH6416, DCX3200, DCX3400, BMC9012, BMC9022D, VIP1200, VIP1208, VIP1216, QIP2500, QIP2708, QIP6200, QIP6416, DSR410, DSR470, DSR905, DSR922, and DTH330-335.

18. Other accused transmission equipment and set top boxes include those identified by Defendant Motorola in response to PMC's Third Set of Interrogatories (Nos. 7-8) propounded to Motorola in this litigation.  That response was served by Motorola on May 24, 2010, and is hereby incorporated by reference, as are any supplementations thereto.

19. Defendant Motorola develops, markets, uses and/or sells software products and services ("advanced software products and services") that are used in conjunction with the infringing advanced set-tops.  These advanced software products and services directly infringe, contributorily infringe, induce others to infringe, or are used to practice processes that infringe the Harvey Patents.  The infringing advanced software products and services include, but are not limited to, the operating system software and application software running on the Motorola digital interactive set-tops that Motorola markets and sells under the OCAP Platform product line.  Upon information and belief, Motorola also designs, deploys, markets and sells digital interactive television (ITV) system products that provide ITV content.

20. Additional detail regarding PMC's infringement accusations is set forth in its Infringement Contentions provided to Motorola in this litigation.

21. Motorola is therefore liable to PMC under 35 U.S.C. § 271.

22. Defendants Echostar and DISH manufacture and use a Direct Broadcast Satellite ("DBS") system and offer for sale, sell and provide services which directly or contributorily infringe, are used to conduct processes which infringe, or which induce others to infringe the Harvey Patents.  The DBS system generally receives program content at broadcast reception and satellite uplinking facilities, such as the Digital Broadband Operation Centers located in Cheyenne, WY and Gilbert, AZ, and the Regional Mini Broadcast Centers located in Monee, IL; New Braunfels, TX; Mt. Jackson, VA; and Spokane, WA and transmits such program content, via satellite, to millions of remote satellite receivers, such as Integrated Receiver Decoders ("IRDs"), located in subscribers' homes and businesses throughout the United States. These receivers include but are not limited to the following series:  111, 301, 311, 322, 351, 381, 411, 501/508, 510, 522, 625, 721, 811, 921, 942, ViP 211, ViP 222, ViP 612, ViP 622, ViP 722, 1000/1500, 2000/2112/2150/2200/3200, 2700/2800/3700, 3000/3500, 3800/3900, 3750, 4000/4500, 4700/4900, 5000/5500, 6000, 7100/7200, JVC IRR.

23. Other satellite receivers and accused equipment used in satellite uplink centers/head-ends, broadcasting centers, content servers, data collection centers, or other content management/distribution centers that implement the various accused functions such as program packaging (or grooming), IPPV, VOD, interactive applications, data collection, access control and authorization, etc. include those identified by Defendant EchoStar and DISH in response to PMC's Third Set of Interrogatories (Nos. 7-8) propounded to EchoStar and DISH in this litigation.  That response was served by EchoStar and DISH on May 24, 2010, and is hereby incorporated by reference, as are any supplementations thereto.

24. Echostar and DISH also directly infringe, contribute to infringement, or induce others to infringe the Harvey Patents by transmitting and using a DBS signal specifically

encoded to enable the subject receivers to function in a manner that infringes the Harvey Patents, and by selling and offering for sale services via DBS transmission processes which infringe the Harvey Patents.

25. Echostar and DISH manufacture, use, sell, offer to sell and/or import into the United States for subsequent sale or use IRDs for use with the DBS system that directly and/or contributorily infringe, are used to conduct processes which infringe, or which induce others to infringe the Harvey Patents.

26. Additional detail regarding PMC's infringement accusations is set forth in its Infringement Contentions provided to EchoStar and DISH in this litigation.

27. Echostar and DISH are therefore liable to Plaintiff under 35 U.S.C § 271.

### Defendants Have Been on Notice of Plaintiffs Patent Rights

28. Defendants have received actual notice from PMC of their infringement of the above-described patents.  In spite of this actual notice, Defendants have continued their direct and/or contributory infringement and/or induced infringement of PMC's valuable patent rights and in willful and reckless disregard thereof.  Defendants' infringement of the Harvey Patents is willful and deliberate, entitling PMC to increased damages under 35 U.S.C. § 284; additionally, this case is exceptional, entitling PMC to recover attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### Plaintiffs Have Been Irreparably Harmed by Defendants' Continued Infringement

29. PMC has been irreparably harmed by Defendants' infringement of PMC's valuable patent rights.  Defendants' continuing acts of infringement damage PMC's reputation and goodwill as leading providers of technology and know-how in the cable and satellite broadcast

communications industry.   Moreover, Defendants' unauthorized, infringing use of PMC's patented apparatus and processes has threatened the value of this intellectual property.

30. Defendants' disregard for PMC's property rights similarly threatens PMC's ability to secure licenses from other entities, because Defendants derive a competitive advantage from using PMC's technology without paying compensation.   Moreover, Defendants' infringing activities have deprived PMC of licensing revenue and/or other revenue in connection with the sale of products, services, and systems that would have made, but for Defendants' infringement. Accordingly, unless and until Defendants' continued acts of infringement are enjoined, PMC will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT I (All Defendants)

### (Patent Infringement of the '825 Patent)

31. Paragraphs 1 through 30 are incorporated by reference as if fully restated herein.

32. PMC is the assignee of the '825 Patent.

33. Each of the Defendants makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products and/or services and/or employs systems and/or components and/or makes use of processes that infringe, directly and/or through contributory and/or induced infringement, claims 3, 16 and 17 of the '825 Patent (the "Specified '825 Claims"), which on November 10, 2009 were confirmed as patentable by the Patent and Trademark Office during the reexamination of the '825 Patent [Reexamination Control No. 90/006,536] initiated by a third party.

34. Each of the Defendants has acted willfully, intentionally and deliberately in derogation of PMC's patent rights. PMC has been damaged by Defendants' infringement and will suffer irreparable injury unless Defendants are permanently enjoined by this Court.

## COUNT II (All Defendants)

### (Patent Infringement of the '414 Patent)

35. Paragraphs 1 through 35 are incorporated by reference as if fully restated herein.

36. PMC is the assignee of the '414 Patent.

37. Each of the Defendants makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products and/or services and/or employs systems and/or components and/or makes use of processes that infringe, directly and/or through contributory and/or induced infringement, claims 7, 10, 13 and 23 of the '414 Patent (the "Specified '414 Claims"), which on August 4, 2009 were confirmed as patentable by the Patent and Trademark Office during the reexamination of the '414 Patent [Reexamination Control No. 90/006,838] initiated by a third party.

38. Each of the Defendants has acted willfully, intentionally and deliberately in derogation of PMC's patent rights. PMC has been damaged by Defendants' infringement and will suffer irreparable injury unless Defendants are permanently enjoined by this Court.

## COUNT III (All Defendants)

### (Patent Infringement of the '654 Patent)

39. Paragraphs 1 through 38 are incorporated by reference as if fully restated herein.

40. PMC is the assignee of the '654 Patent.

41. Each of the Defendants makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products and/or services and/or employs systems and/or components and/or makes use of processes that infringe, directly and/or through contributory and/or induced infringement, claims 7-10 and 59 of the '654 Patent (the "Specified '654 Claims"), which on October 2, 2007 were confirmed as patentable in a re-examination conducted by the United States Patent and Trademark Office [Reexamination Control No. 90/006,606].

42. Each of the Defendants has acted willfully, intentionally and deliberately in derogation of PMC's patent rights.  PMC has been damaged by Defendants' infringement and will suffer irreparable injury unless Defendants are permanently enjoined by this Court.

## COUNT IV (All Defendants)

### (Patent Infringement of the '277 Patent)

43. Paragraphs 1 through 42 are incorporated by reference as if fully restated herein.

44. PMC is the assignee of the '277 Patent.

45. Each of the Defendants makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products and/or services and/or employs systems and/or components and/or makes use of processes that infringe, directly and/or through contributory and/or induced infringement, claims 3, 11, 14, 19, 20, 22-26, 28, 37, 41-43 and 55 of the '277 Patent (the "Specified '277 Claims"), which have been confirmed as patentable by the Patent and Trademark Office during the reexamination of the '277 Patent [Reexamination Control No. 90/006,563] initiated by a third party.

46. Each of the Defendants has acted willfully, intentionally and deliberately in derogation of PMC's patent rights.  PMC has been damaged by Defendants' infringement and will suffer irreparable injury unless Defendants are permanently enjoined by this Court.

## COUNT V (All Defendants)

### (Patent Infringement of the '243 Patent)

47. Paragraphs 1 through 46 are incorporated by reference as if fully restated herein.

48. PMC is the assignee of the '243 Patent.

49. Each of the Defendants makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products and/or services and/or employs systems and/or components and/or makes use of processes that infringe, directly and/or through contributory and/or induced infringement, claims 13 and 15 of the '243 Patent (the "Specified '243 Claims"), which on October 13, 2009 were confirmed as patentable by the Patent and Trademark Office Examiner responsible for conducting the reexamination of the '243 Patent [Reexamination Control No. 90/006,688] initiated by a third party.

50. Each of the Defendants has acted willfully, intentionally and deliberately in derogation of PMC's patent rights.  PMC has been damaged by Defendants' infringement and will suffer irreparable injury unless Defendants are permanently enjoined by this Court.

## JURY DEMAND

51. PMC demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, PMC prays for relief against Defendants as follows:

a.      Judgment that Defendants have infringed, induced others to infringe, and committed acts of contributory infringement with respect to the Harvey Patents;

b.      Judgment that Defendants' patent infringement has been, and continues to be, willful;

c.      A permanent injunction enjoining the Defendants, their respective officers, agents, servants, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of the Harvey Patents.

d.      Awarding PMC damages adequate to compensate for the infringement by Defendants, but in no event less than a reasonable royalty for the use made of the inventions by Defendants, together with interests and costs under 35 U.S.C. § 284;

e.      Trebling the aforesaid damages due to Defendants' willful infringement, pursuant to 35 U.S.C. § 284;

f.      Awarding pre- and post-judgment interest on the damages assessed;

g.      Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding PMC its reasonable attorney fees;

h.      Costs of court; and

i.      Awarding to PMC such other and further relief as the Court deems just.


DATED:  May 28, 2010                          Respectfully submitted,


                                              /s/ Stephen D. Susman
                                              Stephen D. Susman
                                              Attorney-in-Charge

State Bar No. 19521000
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
(713) 651-9366
(713) 654-6666 (fax)
ssusman@susmangodfrey.com

Terrell W. Oxford
State Bar No. 15390500
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
(214) 754-1902
(214) 665-0847 (fax)
toxford@susmangodfrey.com

S. Calvin Capshaw
State Bar No. 03783900
BROWN MCCARROLL, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, TX 75601
(903) 236-9800
(903) 236-8787 (fax)
ccapshaw@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
JONES & JONES, INC., P.C.
201 West Houston Street
Marshall, TX 75671-1249
(903) 938-4395
(903) 938-3360 (fax)
maizieh@millerfirm.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
Andrew T. Gorham
State Bar No. 24012715
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114

Tyler, TX 75702
(903) 531-3535
(903) 533-9687 (fax)
rmparker@pbatyler.com
rcbunt@pbatyler.com
charley@pbatyler.com
tgorham@pbatyler.com


**ATTORNEYS FOR PLAINTIFF**