## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC | § § § | |
| vs. | § § | CASE NO. 2:08-CV-70 |
| MOTOROLA, INC., ET AL. | § § | |

## ORDER

Pending before the court is: (1) Defendants' motion to limit the number of asserted claims (Dkt. No. 198); and (2) Plaintiff's motion to sever and stay specific asserted claims (Dkt. No. 230). On April 28, 2011, Defendants sought to limit the number of asserted claims to ten (Dkt. No. 198). In its response papers filed on May 9, 2011, Plaintiff proposed that the court allow Plaintiff to limit the asserted claims to not more than twenty within ten days after a *Markman* ruling, and further to allow Plaintiff to limit the asserted claims to not more than fifteen after ruling on dispositive motions (Dkt. No. 204). Then, in its surreply filed May 26, 2011, Plaintiff identified six claims that it requested be severed from this dispute and stayed: '825 patent, claim 3; '414 patent, claim 13; '277 patent, claims 24, 25, 41, 42 (Docket No. 213). Finally, in its motion to sever and stay claims, Plaintiff identified two further claims that it requested be severed and stayed: '654 patent, claim 59; and '277 patent, claim 43.

Defendants, however, oppose Plaintiff's request that the court sever and stay theses claims, arguing that the court should instead completely "drop" them (Dkt. No. 221). Defendants further oppose Plaintiff's proposal to initially limit the number of asserted claims to no more than twenty within ten days of the court's *Markman* order and then limit the number of asserted claims to no more than fifteen within ten days of the court's ruling on dispositive

motions. Rather, Defendants now argue that the court should order Plaintiff to limit the number of asserted claims to seven within ten days of the court's *Markman* order (Dkt. No. 221).

Having considered the parties' arguments, the court GRANTS Plaintiff's motion to *stay* the following asserted claims: '825 patent, claim 3; '414 patent, claim 13; '277 patent, claims 24, 25, 41, 42, and 43; '654 patent, claim 59. *See, e.g., LML Patent Corp. v. JPMorgan Chase & Co.*, No. 08-Civ-448, 2010 WL 5140823 (E.D. Tex. Oct. 12, 2010). For the sake of administrative efficiency, however, these claims are not severed into a new cause of action at this time. *Id.* Such issues can be addressed, if need be, after the merits of the elected claims are resolved. *Id.* Furthermore, the court ORDERS Plaintiff to limit the number of asserted claims to no more than fifteen (15) total within ten (10) days after the issuance of the court's claim construction order.

SIGNED this 15th day of August, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE