# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC | § § § | |
| vs. | § § | CASE NO. 2:08-CV-70 |
| MOTOROLA, INC., ET AL. | § § | |

## ORDER

Gemstar's motion for leave to intervene (Dkt. No. 211) is DENIED. Gemstar seeks leave to intervene to have this court construe the scope of an exclusive field-of-use license agreement between it and the plaintiff. Defendant Echostar has a pending motion to dismiss arising out of the license agreement. Gemstar argues it is entitled to intervene as of right, or, in the alternative, that the court should allow it to intervene permissively.

Under Rule 42(a)(2), a motion for leave to intervene as of right must be granted when (1) the motion is timely; (2) the movant has an interest in the property or transaction that is the subject matter of the action; (3) the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interests and (4) the existing parties do not adequately represent the movant's interests. *Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 422 (5th Cir. 2002). Consideration of these factors counsels the court to deny the motion for leave to intervene as of right. Although the record is unclear as to how long Gemstar has known about its interest in this case, what is clear is that Gemstar delayed intervening in the case during the pendency of parallel litigation in Georgia involving it and PMC – even after the point where it appeared that the Georgia court would not adjudicate the scope of the license agreement. Moreover, the court is not persuaded that the disposition of this action will, as a practical matter,

impair or impede Gemstar's ability to protect its interests. Gemstar is free to pursue an appeal from the Georgia court's decision, and may adequately protect its interests in that forum.

Gemstar's alternative motion for permissive intervention under Rule 42(b)(2) is also denied. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). Again, Gemstar does not state when it was first aware that its license would be in issue in this case. The court is persuaded that Gemstar unduly delayed making its motion in this court. Accordingly, although the complaint in intervention raises questions of law and fact that are common to those in the main suit, the court denies the motion for permissive intervention. The questions raised by the Gemstar/PMC license may be resolved insofar as PMC and Echostar are concerned based on the record developed by the existing parties to this case.

SIGNED this 23rd day of August, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE