**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, L.L.C. | § § § § § § § | |
| v. | | Case No. 2:08-CV-70-RSP |
| ECHOSTAR CORP., et al. | | |

**ORDER**

A hearing was held on August 24, 2012 to determine whether Defendants Rovi Guides, Inc. and TVG-PMC, Inc. (collectively, "Rovi") should be sanctioned for the failure to meet and confer with the other parties in this case regarding the establishment of a docket control order as ordered on July 17, 2012. *See* Dkt. No. 372. While no sanction will be imposed, Rovi will instead be ordered under Rule 16(f)(2) to pay all attorney fees and expenses incurred by the other parties in connection with meeting and conferring and preparing their Joint Statement (Dkt. No. 383), and also with the preparation for and attendance at the August 24, 2012 Show Cause hearing.

Rovi has been involved in this matter since it first filed a Motion to Intervene on May 25, 2011 (Dkt. No. 211) along with a Third Party Complaint against plaintiff (Dkt. No. 212). That motion was eventually denied on August 23, 2011, largely on grounds of untimeliness. (Dkt. No. 263). Nonetheless, Rovi continued to be actively involved in related litigation with the same plaintiff pending in Georgia. *See Personalized Media Communications, LLC v. Scientific-Atlanta, Inc., et al.,* 2012 WL 3613861 (Fed. Cir. August 23, 2012). Indeed, Rovi did not move to withdraw its counsel in this case until July 18, 2012 (Dkt. No. 373), which was *after* this Court ordered the plaintiff to join Rovi in this action as a necessary party. All of which is simply to

show that Rovi was both aware of the progress of this litigation and had the assistance of counsel at all times.

On July 10, 2012, the Court ordered plaintiff to join Rovi as a necessary party. (Dkt. No. 358). The Amended Complaint joining Rovi was filed on July 18, 2012. (Dkt. No. 374). Meanwhile, on July 17, 2012, the Court entered an Order providing that: "All parties are ordered to meet and confer about a new Docket Control Order, and **they shall include counsel for Gemstar**, and submit a proposed order to the Court, noting any areas of disagreement, by no later than August &, 2012." Rovi was represented by counsel in this action at all of the times referred to above, and received contemporaneous email notification of each filing.

Plaintiff and defendants Echostar and DISH Network complied with the order to meet and confer, and included Rovi in that process. On August 7, they filed a Joint Statement setting out the results of their efforts, which included the following: "However, when [Rovi] announced its intention to file a 'Notice of Non-Consent to the Magistrate Judge,' it declined to participate further in this filing regarding a new docket control order." (Dkt. No. 383 at 2). The Court set a Show Cause hearing on August 24, 2012 (Dkt. No. 387) to determine whether Rovi did, in fact, decline to participate as ordered and, if so, why.

At the Show Cause hearing, Rovi admitted through its counsel that the above report was accurate. It also conceded that because of its refusal to participate, Rovi's position on all scheduling issues is not shown anywhere in the record. The refusal to participate rendered the resulting Joint Statement an incomplete document and a waste of time for the parties and the Court.

The primary justification offered by Rovi was that it had decided not to consent to trial before a magistrate judge and was concerned that any participation in the scheduling process,

even if ordered by the Court, would constitute a waiver of its decision not to consent.  Rovi conceded that there was no statutory or case law directly supporting its fears in this regard.  The "best" case that it could cite to the Court was *Altier v. Worley Catastrophe Response, LLC,* 2012 WL 161824 (E.D. La. Jan. 18, 2012).  *Altier* dealt with the authority of a magistrate judge in a consent case to rule on a motion to intervene by a party who did not consent.  That court decided that the magistrate judge did have authority to determine the motion to intervene despite the lack of consent.  Nothing in the opinion even suggests that compliance with the pretrial orders of the magistrate judge could be construed as waiving a lack of consent to trial.  Indeed, it has been the settled law in the Fifth Circuit for a generation that even fully participating in a jury trial before a magistrate judge does *not* waive the need for written consent by a party added after the case had originally been referred to the magistrate judge under §636(c).  *Murret v. City of Kenner,* 894 F.2d 693 (5th Cir. 1990); *Archie v. Christian,* 808 F.2d 1132 (5th Cir. 1987).  If participating in a jury trial before a magistrate judge, *without registering any objection*, does not waive the requirement of written consent, there can be no good faith argument that complying with an order to meet and confer about a schedule, *while expressly noting the lack of consent,* could constitute waiver.

      Rovi also articulated a concern that this case had not been referred to the undersigned by a written order of the Court, but rather had simply been referred by the Clerk upon receipt of consent forms from the original parties.  It is not clear what effect this fact would have had, but Rovi did not examine the record before forming that concern.  A written Order of Reference, signed by Judge Gilstrap, was filed into the record of this case on January 3, 2012 referring the case to the undersigned.  (Dkt. No. 293).  Rovi's lack of consent simply means that any matters involving Rovi that are excepted from the authority of the undersigned to "hear and determine"

- 4 -

under §636(b)(1)(A) will be handled in accordance with §636(b)(1)(B), *et seq.* There was absolutely no reason for Rovi to refuse to comply with the order to meet and confer and report to the Court. Accordingly, plaintiff Personalized Media Communications, LLC and defendants EchoStar Corp. and DISH Network Corp. are directed to serve upon counsel for Rovi within 10 days a statement for the fees and expenses described above, which Rovi is ordered to pay within 10 days thereafter.

      IT IS SO ORDERED.

      **SIGNED this 4th day of September, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE