**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>ECHOSTAR CORP., DISH NETWORK CORP. f/k/a ECHOSTAR COMMUNICATIONS CORP., ROVI GUIDES, INC., AND TVG-PMC, INC.<br><br>Defendants. | **Case No. 2:08-CV-00070-RSP** |

**PMC'S MOTION FOR DISMISSAL ON JURISDICTIONAL GROUNDS OR, IN THE ALTERNATIVE, FOR DECISION ON EXISTING SUMMARY JUDGMENT MOTION**

## I. INTRODUCTION

The Federal Circuit has remanded this case after vacating the judgment of this Court on the parties' respective state law contract claims. Dkt. 484-1. In the meantime, all of the federal claims have been dismissed. PMC asks the Court to decline to exercise supplemental jurisdiction over the state law claims, which are all that remain in the case.

This case began as a patent case between PMC and EchoStar, and the contract claims (and Rovi's involvement) arose in the context of a license defense that EchoStar raised.[1] After this Court issued partial summary judgment in favor of PMC on the license issue, PMC and EchoStar settled and dismissed all of their respective claims. As a result, the Court has dismissed all claims over which it had original jurisdiction. Under 28 U.S.C. § 1367, a court may decline to exercise supplemental jurisdiction over the remaining state law claims when that has occurred. Numerous factors counsel for declining jurisdiction. Another court, the District of Georgia, has already held that damages of the kind Rovi seeks are not available as a matter of Delaware law. (*See* Exhibit A.) That decision was vacated on appeal on jurisdictional grounds, so the same issue will have to be briefed and decided again in this Court if this case is not dismissed. In addition, there is a substantial question of mootness that would have to be resolved before the Court can exercise jurisdiction.

Should this Court decide to continue exercising jurisdiction notwithstanding those issues, the appropriate course would be to grant PMC's summary judgment motion on alternative grounds not addressed in the Federal Circuit's opinion. In ruling on PMC's motion for partial

---

[1] "EchoStar" in this motion refers to related defendants EchoStar Corporation and Dish Network Corporation. (One other original defendant, Motorola, Inc., was dismissed by agreement.) "Rovi" refers to related defendants Rovi Guides, Inc., and TVG-PMC, Inc., who previously referred to themselves as Gemstar.

summary judgment, this Court found in favor of PMC on the dispositive contract interpretation question concerning the definition of the "Interactive Program Guide" field—namely, whether an application must satisfy the test set forth in the first sentence of the field definition to be covered. Dkt. 419; *see also* Dkt. 428. This Court answered in the affirmative, reaching that result on two alternative grounds. *First*, this Court found the contract to be unambiguous and to require that interpretation. Dkt. 419, at 4–8. *Second*, this Court found that, even if the license were ambiguous and extrinsic evidence were considered, the extrinsic evidence also supports that interpretation. Dkt. 419, at 9–10. Based on these grounds, this Court issued partial summary judgment for PMC, fully resolving the contract claims.

On appeal, the Federal Circuit decided that the contract was ambiguous. PMC disagrees with many aspects of that opinion, including some characterizations of PMC's arguments. In any event, the Federal Circuit solely addressed the question of ambiguity. It did not consider the extrinsic evidence or acknowledge this Court's independent, second ground of decision. And it did not reverse this Court's judgment. Instead, the Federal Circuit vacated the summary judgment and remanded for a decision based on the extrinsic evidence. Dkt. 482-1, at 3, 10.

As this Court has already considered the extrinsic evidence offered by the parties, this Court may issue summary judgment in favor of PMC in accordance with the second ground of its prior judgment. All of the extrinsic evidence Rovi considered pertinent to PMC's summary judgment motion was before this Court, argued at length by Rovi (and then-codefendant EchoStar) in their papers, and duly considered by this Court. In addition, PMC's summary judgment motion also sought judgment based on the statute of limitations, an alternative ground that was fully briefed but which the Court did not rule on in its prior decision. That remains an appropriate alternative basis for disposing of the claims on remand.

## II. PROCEDURAL BACKGROUND

This case originated in February 2008 as a patent infringement suit between plaintiff PMC and defendant EchoStar, Dkt. 1, in which EchoStar's answer raised a generic affirmative defense of license, based on its sublicensing from Rovi of a field-of-use license known as the IPG License.

In May 2011, Rovi (then referring to itself as Gemstar) moved for leave to intervene based on its interest in the interpretation of the IPG License. Dkt. 211. Magistrate Judge Everingham denied Rovi's motion for leave to intervene, noting issues with the untimeliness of the motion and stating that "the court is not persuaded that the disposition of this action will, as a practical matter, impair or impede Gemstar's ability to protect its interests." Dkt. 263, at 1–2.

Fact discovery closed in May 2011. Dkt. 191. In July 2011, PMC and EchoStar filed cross-motions for summary judgment on EchoStar's affirmative defense and counterclaim relating to the license. Dkt. 242 & 246. In July 2012, the Court ordered PMC to join Rovi as a party because "it appears that the scope and meaning of the [IPG License] will be at issue" and Rovi claimed to have an "ongoing interest in the proper construction" of the license. Dkt. 358. Pursuant to that order, PMC filed an amended complaint adding Rovi as a party and pleading a declaratory judgment claim relating to the license against Rovi and EchoStar. Dkt. 374, at 11–12. Rovi and EchoStar filed answers including counterclaims relating to the license. Dkt. 382 & 384.

In September 2012, PMC moved for summary judgment on all of the claims relating to the IPG License. Dkt. 396. After full briefing by all parties, Magistrate Judge Payne entered a Report and Recommendation on PMC's motion. Dkt. 419. The Report and Recommendation rejected defendants' proposed interpretation of the license and found PMC's interpretation to be correct on two grounds: first, the language was unambiguous, and second, even if it were

ambiguous, the extrinsic evidence also supported that interpretation. Dkt. 419, at 4–10. Based on that interpretation, the Report and Recommendation found that the license did not cover the accused instrumentalities in the case and recommended that PMC's motion be granted and that the applicable claims be resolved accordingly. Dkt. 419, at 10–11.

After considering defendants' objections and "having conducted a *de novo* determination of those portions of the Report and Recommendation as to which objection was made, and finding no error therein," the Court adopted the findings and recommendations. Dkt. 428. Pursuant to that ruling, the Court granted partial final judgment in favor of PMC on the license claims. Dkt. 429. Defendants appealed that judgment while the patent claims remained pending in this Court. In May 2015, shortly before a scheduled trial on the patent claims, PMC and EchoStar reached a full settlement, resulting in the dismissal of all pending claims as well as EchoStar's appeal. Dkt. 479 & 481. In January 2016, the Federal Circuit issued its mandate in the appeal. Dkt. 483.

## III. ARGUMENT

### A. The Court should decline to exercise supplemental jurisdiction and should dismiss the case.

All claims over which this Court had original jurisdiction have been settled and dismissed. All that remains are contract claims relating to the IPG License arising under Delaware state law. The sole basis for this Court's jurisdiction over such claims is supplemental to the patent claims pursuant to 28 U.S.C. § 1367(a). No party has alleged jurisdiction based on diversity. *See* Dkt. 374, at ¶ 9; Dkt. 384, at ¶ 5.

Pursuant to 28 U.S.C. § 1367(c), "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims

over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Every one of these situations exists here, which strongly counsels for declining jurisdiction.

First, the license claims raise novel and complex issues of state law. These issues include the interpretation of the IPG License under Delaware law, whether there has been any breach, and whether damages are available under Delaware law. Notably, after a trial in Georgia on Rovi's claims that PMC had breached the IPG License by bringing infringement claims against Scientific-Atlanta, the trial court held that Delaware law did not allow for the recovery of the types of damages that Rovi sought. *Personalized Media Communications, L.L.C. v. Scientific-Atlanta, Inc.*, No. 1:02-cv-824-CAP, Docket No. 636 (N.D. Ga. Dec. 14, 2010) (attached as Exhibit A), *vacated on other grounds*, 493 Fed. App'x 78 (Fed. Cir. 2012) (attached as Exhibit B). Because that decision was vacated, the same question will have to be briefed and decided again in this Court if the case is not dismissed.

Second, the state law claims substantially predominate over any other claims because they are all that remain.

Third, the district court has dismissed all claims over which it had original jurisdiction, namely the patent claims.

Fourth, exceptional circumstances exist because there is a substantial question of mootness. The Federal Circuit vacated the *Scientific-Atlanta* judgment because "discretion now counsels against exercising [supplemental] jurisdiction over Gemstar's claim." 493 Fed. App'x at 82. Judge Mayer's separate concurrence additionally recognized that Rovi's claims relating to the *Scientific-Atlanta* case had been mooted: "All issues related to the alleged infringement were

rendered moot when Scientific[-Atlanta] entered into settlement and licensing agreements with both Gemstar and PMC. Because Gemstar entered into a comprehensive settlement agreement with Scientific[-Atlanta] related to its rights under the Harvey patents, it had no continuing interest in the case . . . ." *Id.* at 84 (Mayer, J., concurring). The situation here is indistinguishable: Both PMC and Rovi have entered into licenses with EchoStar covering the patents-in-suit and resolving any claims of infringement, leaving no live controversy about whether EchoStar's infringement was or was not within the scope of the IPG License. Any ruling on the scope of the license would be an advisory opinion. As Judge Mayer reasoned, "[Rovi's] vague allegation that its hypothetical relationships with unnamed 'prospective licensees' might be damaged because of uncertainties over the scope of its licensing agreement with PMC, is not the type of 'specific live grievance' necessary to support the exercise of declaratory judgment jurisdiction." *Id.* (citation omitted). This Court would have to address the mootness question before it can continue exercising jurisdiction.

The Court would be fully justified in declining to exercise jurisdiction based on any one of these situations. That <u>all four</u> are present here establishes that this case does not belong in federal court. As a result, the Court should decline to exercise supplemental jurisdiction and should dismiss the case.

### B. In the alternative, summary judgment is appropriate because the Federal Circuit addressed solely whether the contract is ambiguous and did not call into question this Court's conclusion based on the extrinsic evidence.

In the alternative, if this Court decides to continue exercising supplemental jurisdiction, then PMC requests a ruling on its summary judgment motion in light of the Federal Circuit's opinion.

The issue before the Federal Circuit was whether the field definition in the license, reproduced in part below,[2] granted Rovi an exclusive license to eighteen examples in the second sentence, like "recording" or "video on demand," in all instances (Rovi's position), or whether the license only covered those things where their primary purpose is to provide descriptive information (i.e., when they are used as part of a program guide), according to an express limitation in the first sentence (PMC's position). The Federal Circuit held that the license was ambiguous and, without addressing the extrinsic evidence, "vacate[d] the district court's judgment and remand[ed] for consideration of the extrinsic evidence." Dkt. 482-1, at 6.

Of course, this Court did consider the undisputed extrinsic evidence and found that it also led to PMC's proposed interpretation, holding that "**even if the language in question were found to be ambiguous, extrinsic evidence would support the interpretation set forth by the Court** . . . ." Dkt. 419, at 10 (emphasis added). This Court quoted lengthy passages of undisputed testimony from each side's negotiator of the IPG License. *Id.* at 9–10. That evidence

---

[2] The first two sentences of the field definition are:

> The "Interactive Program Guide" field means applications and services (collectively "IPG Applications"), the primary purpose of which is to provide descriptive information (including without limitation program listings) relating to television or radio programming available to Consumers, and which may, or through actions by a Consumer may, control Consumer equipment that enables viewing, listening, recording or storing of such television or radio programming, but where such IPG applications are not primarily intended to provide descriptive information relating solely to advertising or promotional programming available to Consumers.
>
> Such IPG Applications shall include, without limitation, tuning, flip, browse, parental control, recording, reminders, favorites, searching or sorting listings by any category or criteria, video on demand, near video on demand, pay per view, picture in guide functionality, help, user profile setup, generation or use, TV mail, TV chat, and TV newsgroups.

Dkt. 396-3, at ¶ 1.3 (paragraph break added).

is irreconcilable with Rovi's position that the second sentence "extends 'without limitation' to eighteen enumerated examples of applications and services," Dkt. 396, at 16, and supports only this Court's interpretation that "the only items covered in the 'Interactive Program Guide' field are applications and services the primary purpose of which is to provide descriptive information," Dkt. 419, at 5. As a result, judgment should re-issue in favor of PMC in accordance with the Court's prior analysis of the extrinsic evidence.[3]

PMC notes that its summary judgment motion also sought judgment based on the statute of limitations. This Court's prior decision did not address that alternative ground of relief. As a result, for the reasons stated in PMC's briefs, the statute of limitations remains an appropriate alternative ground for disposing of Rovi's claims arising from PMC's suit against EchoStar. *See* Dkt. 396; Dkt. 404.

## IV. CONCLUSION

For the foregoing reasons, the Court respectfully should decline to exercise supplemental jurisdiction and should dismiss the case or, in the alternative, should grant PMC's motion for summary judgment.

DATED: February 18, 2016 Respectfully submitted,

*/s/ Daniel J. Shih*

[3] The Federal Circuit's opinion mixed up the parties' positions in the district court. While the opinion describes PMC as having taken the position in the district court that the second sentence lists examples of IPG Applications, Dkt. 482-1, at 5 ("PMC now abandons its position below and agrees with Rovi that Sentence Two lists functions rather than example IPG Applications."), in fact, that was Rovi's position: "Pursuant to the second sentence of Section 1.3, the covered field of use also expressly extends 'without limitation' to eighteen enumerated examples of applications and services." Dkt. 396, at 16 (Rovi brief responding to PMC's motion) (emphasis added). PMC viewed the second sentence as a list of features, not a list of IPG Applications, explaining: "The second sentence does not list IPG Applications, but rather lists features that an IPG Application includes." Dkt. 404, at 1 (PMC reply brief) (emphasis added).

Stephen D. Susman
Attorney-in-Charge
State Bar No. 19521000
Chanler A. Langham
State Bar No. 24053314
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
(713) 651-9366
(713) 654-6666 (fax)
ssusman@susmangodfrey.com
sseth@susmangodfrey.com
clangham@susmangodfrey.com

Arun S. Subramanian (*Admitted Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, New York 10022-6828
(212) 336-8330
(212) 336-8340
asubramanian@susmangodfrey.com

Daniel J. Shih
WA State Bar No. 37999
SUSMAN GODFREY L.L.P
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
(206) 373-7390
dshih@susmangodfrey.com

S. Calvin Capshaw
State Bar No. 03783900
CAPSHAW DERIEUX, LLP
114 E. Commerce
P.O. Box 3999 (75606-3999)
Gladewater, TX 75647
(903) 236-9800
(903) 236-8787 (fax)
ccapshaw@capshawlaw.com

Franklin Jones, Jr.
State Bar No. 00000055
JONES & JONES, INC., P.C.
201 West Houston Street
Marshall, TX 75671-1249

(903) 938-4395
(903) 938-3360 (fax)
maizieh@millerfirm.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
Andrew T. Gorham
State Bar No. 24012715
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
(903) 531-3535
(903) 533-9687 (fax)
rmparker@pbatyler.com
rcbunt@pbatyler.com
charley@pbatyler.com
tgorham@pbatyler.com

**ATTORNEYS FOR PLAINTIFF PERSONALIZED MEDIA COMMUNICATIONS, L.L.C.**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) by a personal conference by telephone on January 22, 2016, between the undersigned (counsel for PMC) and Mr. Roderick G. Dorman (counsel for Rovi), who discussed PMC's request for a decision on its summary judgment motion. Rovi's counsel subsequently took the position that summary judgment was not procedurally available, resulting in an impasse and an open issue for the court to resolve.

*/s/ Daniel J. Shih*
Daniel J. Shih

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document, with referenced attachments, was served upon all counsel of record by electronically filing true and correct copies with the Clerk of the Court using the ECM/ECF system which automatically sent notification by e-mail of such filing on February 18, 2016.

*/s/ Daniel J. Shih*
Daniel J. Shih