**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ROVI GUIDES, INC. and TVG-PMC INC.,**<br><br>**Plaintiffs**<br><br>v.<br><br>**PERSONALIZED MEDIA COMMUNICATIONS, L.L.C.,**<br><br>**Defendant.** | **Civil Action No. 2:08-CV-00070-RSP** |

**DECLARATORY RELIEF ORDER AND FINAL JUDGMENT**

THIS MATTER having proceeded to arbitration by agreement on August 23, 2017 between Personalized Media Communications, L.L.C. ("PMC") and Rovi Guides, Inc. and TVG-PMC, Inc. ("Rovi"), the following declaratory relief order is entered:

Rovi and PMC agreed on May 18, 2017 to submit "the contract interpretation issue of the meaning of the term 'Interactive Program Guide' field'" for resolution through this arbitration. The parties agreed that the Arbitrator would "decide on the proper definition" of the "Interactive Program Guide" field, and "prepare a Statement of Decision or other order explaining his reasoning, a proposed declaratory relief order and final judgment in conformity with his determination for Judge Payne's signature."

The parties held an evidentiary hearing on August 23-24 in Dallas, Texas, and the Arbitrator, David Folsom, U.S.D.J. (Ret.) received documentary and testimonial evidence furnished by both Rovi and PMC. On September 27, 2017, pursuant to the parties' agreement, each party provided the Arbitrator with a proposed definition of the "Interactive Program Guide" field as well as a proposed statement of decision, declaratory relief order, and final judgment.

In accordance with the evidence presented at the hearing and the statement of decision entered by the Arbitrator, paragraph 1.3 of the Exclusive IPG Provision shall be construed in accordance with this Order.

IT IS HEREBY ORDERED that Sentence Two in paragraph 1.3 of the Exclusive IPG Provision shall be construed to mean that "Such IPG Applications," as defined in Sentence One, "shall include" the ability to invoke any function, including "without limitation" the listed functions in Sentence Two. For example, the software program "TV Guide" is an "IPG Application." TV Guide, however, does not perform all the steps required for the "tuning" feature to operate. Instead, TV Guide invokes the features by giving commands or instructions to the set-top box and the set-top box carries out the instructions and "tunes" a receiver to a desired frequency. *See PMC v. Rovi*, 08-Civ.-0070, Dkt. 493, at 9. Because the set-top box executes the "tuning" function, PMC only granted Rovi the right to invoke "tuning" in the IPG License.

IT IS FURTHER ORDERED that "any device, portion or device, or process" is included within the IPG field only "to the extent" that it is used to implement the functionality otherwise encompassed by the Exclusive IPG Provision.

IT IS FURTHER ORDERED that the creation, distribution, transmission and use by a Consumer of the television or radio programming accessible through a licensed program guide are not included in the Interactive Program Guide field. *See* Exclusive IPG License Agreement, Paragraph 1.3, Sentence Three. Thus, the functionality involved in the delivery or transmission of programming content associated with tuning, pay-per-view, video on demand, near video on demand, personal video recording, or digital video recording, are not covered by the IPG license.

**SIGNED this 22nd day of November, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE